IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN THE MATTER OF:

MICHAEL J. TAPP CHAPTER 13 CASE NO. 10-51403

DEBTOR

---

MICHAEL J. TAPP PLAINTIFF

VS. ADVERSARY PROC. NO.______________

KENTUCKY HOSPITAL LLC d/b/a
CLARK REGIONAL MEDICAL CENTER DEFENDANT

Address for Service of Process:

Kentucky Hospital, LLC
Corporation System - Registered Agent
306 W. Main St.
Suite 512
Frankfort, KY 40601

---

**COMPLAINT SEEKING INJUNCTIVE RELIEF, DAMAGES, DISALLOWANCE OF CLAIM AND OTHER RELIEF IN A CORE ADVERSARY PROCEEDING**

---

COMES NOW, Plaintiff, in the above-styled and numbered cause, and files this complaint for disallowance of claim, injunctive relief, contempt of court, actual, punitive and compensatory damages and sanctions and would show the following:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this core proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

2. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

## PARTIES

4. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in the above entitled Chapter 13 case number, presently pending before this court. The Plaintiff is referred to as the Plaintiff or the debtor.

5. The Defendant, Kentucky Hospital, LLC d/b/a Clark Regional Medical Center was named in the bankruptcy schedules as a creditor of the Plaintiff. The Defendant is a medical care provider with a principal office address of 103 Powell Court , Suite 200, Nashville, TN 37027. The defendant has a facility in Winchester, Clark County, Kentucky.

## FACTUAL ALLEGATIONS

6. The Plaintiff filed a voluntary Chapter 13 petition and notice of filing was sent to the Defendant.

7. The Defendant filed a sworn Proof of Claim forms in the Plaintiff's Chapter 13 case, denoted as Claims #2 on May 4, 2010. The claim alleged an unsecured debt in the amount of $123.02.

8. The Proof of Claims consisted of two pages and displayed the Plaintiff's, Social Security Number.

9. A motion to restrict public access was filed on May 4, 2010.

10. On May 6, 2010, this Court sustained the motion to restrict public access ordering the Defendant to come into compliance with Bankruptcy rule 9037. The order was served on the Defendant by the Plaintiff as evidenced by the Certificate of Service filed as docket entry # 17.

11. As of May 21, 2010, there has been no amended claim filed with the court.

12. The Proof of Claim is a public document and the Defendant has made the Plaintiff's private, sensitive and personal nonpublic information available to any and all persons with a computer and internet access.

13. The Proof of Claim presents the Plaintiff's full and complete legal name and social security number for the whole world to see. Sufficient personal and private data is revealed for an identity thief to hijack the Plaintiff's identity and use it to commit Financial Identity Theft (using another's identity to obtain goods and services), Criminal Identity Theft (posing as another when apprehended for a crime), Identity Cloning (using another's information to assume his or her identity in daily life), and Business/Commercial Identity Theft (using another's business name to obtain credit) and Medical Identity Theft (accessing personal medical information for insurance fraud or to obtain medical care or drugs).

14. Protection of individual personal, sensitive and private data by the federal government and the court system is not a new or novel concept. The E-Government Act of 2002, 44 U.S.C. §§ 3500, et seq. [the Act], contains provisions governing privacy of case file information. Federal courts were formally directed by the Committee on Court Administration and Case Management, Judicial Conference of the United States, to immediately conform their

local rules and practices to the Act. This Court implemented such procedures and privacy requirements by local rule.

15. The Defendant is a sophisticated medical provider and financial creditor with knowledge of the bankruptcy rules and procedure. The Defendant has an obligation to comply with all applicable rules and statutes when filing claims and participating in the bankruptcy process.

16. The Defendant has intentionally communicated or otherwise make available to the general public the personal, sensitive and private data of the Plaintiff in direct violation of standard of care set by, Health Information Portability and Accountability Act of 1996. The Uniform Local Bankruptcy Rules for the United States Bankruptcy Courts in The Eastern and Western Districts of Kentucky, The E-Government Act of 2002, 44 U.S.C. §§ 3500, et seq., Federal Rule of Bankruptcy Procedure 9037, Federal Rule of Civil Procedure 5.2, and others.

## COURT RECOGNITION OF PRIVACY CONCERNS

17. “Both Congress and other circuits have discussed the significant privacy concerns surrounding the dissemination of SSN's. Congress acknowledged those concerns in the Privacy Act of 1974, which barred government agencies from discriminating against individuals that refuse to release their SSN's. Privacy Act of 1974, Pub.L. 93-579, § 7, 88 Stat. 1896, 1909 (1974), 365, reprinted in 5 U.S.C. §552a (1996). The Senate Report supporting adoption of the Act described the universal use of SSN's as identifiers as "one of the most serious manifestations of privacy concerns in the Nation." S. Rep. No. 1183, 93rd Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Admin. News 6916, 6943.

Other circuits, relying in part on these Congressional statements, have concluded that the

privacy interest in SSN's is significant, and thus public dissemination of information containing SSN's must be monitored scrupulously. See *Crawford*, 194 F.3d at 958-59 (recognizing that "indiscriminate public disclosure of SSN's, especially when accompanied by names and addresses" can implicate informational privacy rights); *Greidinger v. Davis,* 988 F.2d 1344, 1353 (4th Cir.1993) ("[T]he harm that can be inflicted from the disclosure of a social security number to an unscrupulous individual is alarming and potentially financially ruinous."). Indeed, two of our sister circuits have held that public disclosure of SSN's in files requested under the FOIA constituted a clearly unwarranted invasion of personal privacy under exemption 6. See *Norwood v. FAA*, 993 F.2d 570, 575 (6th Cir.1993) (determining that redaction of SSN's from FOIA documents necessary to protect identities of individuals discussed in documents); *Int'l Bhd. of Elec. Workers Local Union No. 5 v. HUD*, 852 F.2d 87, 89 (3d Cir.1988) (holding that redaction of social security numbers necessary because requestor failed to demonstrate any public interest in disclosure of the SSN's)."

Nevertheless, we recognize that individual citizens have a substantial informational privacy right to limit the disclosure of their SSN's, and consequently reduce the risk that they will be affected by various identity fraud crimes. *Sherman v. U.S. Dept. of Army*, 244 F.3d 357, C.A.5 (Tex.), 2001.

**FIRST CAUSE OF ACTION:**
**OBJECTION TO CLAIM**

18. The Plaintiff realleges each foregoing paragraph as though fully set out herein.

19. The creditor has intentionally revealed to the general public the Debtor's private and sensitive data and nonpublic information in violation of the Local Rules of this Court and Federal Rule of Bankruptcy Procedure 9037.

20. The Defendant has had a reasonable time to amend the proof of claim. The claim has not been amended as of May 20, 2010

21. The Court should direct the Chapter 13 Trustee to strike the said claim and the creditor be precluded from filing any amended, modified or substitute claim in this case and the underlying debt be canceled and forever discharged whether or not the debtor receives a Discharge Order in this case.

22. That the creditor should be sanctioned for the intentional revelation of the Debtor's private data and sensitive information and the debtor be awarded attorney fees and expenses for filing this objection.

23. That the Court should order the claim number disabled within the PACER system or the claim removed so that it is inaccessible to any further members of the general public.

**SECOND CAUSE OF ACTION:
CONTEMPT OF COURT AND VIOLATION OF FEDERAL DISTRICT COURT AND BANKRUPTCY COURT ORDERS AND POLICIES AGAINST DISCLOSURE OF PERSONAL IDENTIFIERS AND SENSITIVE DATA**

24. The Plaintiff realleges each foregoing paragraph as though fully set out herein.

25. On May 16, 2003, the Uniform Local Rules of the United States District Courts for the Eastern and Western Districts of Kentucky enacted the Standard Operating Procedure Governing Protection of Personal and Sensitive Information and Public Access to Court Files in Accordance with the E-government Act of 2002.

26. On May 16, 2003, and May 20, 2003, respectively, the Eastern and the Western Districts through the Uniform Local Bankruptcy Rules for the United States Bankruptcy Courts in the Eastern and Western Districts of Kentucky enacted the Standard Operating Procedure

Governing Protection of Personal and Sensitive Information and Public Access to Court Files in accordance with the E-government Act of 2002.

27. These rules provided in part that personal identifiers were prohibited. The categories of information that were deemed by statute, 44 U.S.C. §§3500, et seq., to be "personal identifiers" were not to be stated in pleadings or other court-filed documents, including exhibits, except as provided by the standard operating procedure.

28. This rule also describes the Judicial Conference's policy that certain personal data identifiers must be partially redacted from the case file or pleading whether it is filed traditionally or electronically. Specifically listed as examples of “personal data identifiers” are (1) Social Security Numbers, (2) Financial Account numbers, and (3) Birth Dates.

29. The policy and local rules also contain cautions and restrictions on the disclosure of Sensitive Information and Data. The following categories of information were deemed "sensitive information" or "sensitive data":

1. Personal identifying numbers, such as driver license numbers.
2. Medical records, treatments, and diagnoses.
3. Employment histories.
4. Personal financial information.
5. Proprietary or trade secret information.

The cautions, prohibitions and restrictions pertaining to personal identifiers presented in the standard operating procedure are equally applicable to sensitive information and data.

30. By failing to redact or delete the private data, sensitive and nonpublic information of the Plaintiff, the Defendant has willfully violated the Courts’ Policies and Local Rules putting the Plaintiff at risk and causing damage by making publicly available the personal data identifiers and sensitive information.

31. Under 11 U.S.C. §105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process.

**THIRD CAUSE OF ACTION:**
**CONTEMPT OF COURT AND VIOLATION OF FEDERAL RULE OF BANKRUPTCY PROCEDURE 9037**
**FAILURE TO REDACT NONPUBLIC INFORMATION**

32. The Plaintiff realleges each foregoing paragraph as though fully set out herein.

33. On December 1, 2007, the Federal Rule of Bankruptcy Procedure 9037 and Federal Rule of Civil Procedure 5.2 went into effect further strengthening and reinforcing the Court's local rules and policies.

34. Rule 9037 is titled Privacy Protection for Filings Made with the Court and provides that:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer identification number, or birth date, the name of an individual, other than the debtor, known to be and identified as a minor, or a financial-account number, a party or nonparty making the filing may include only:
> (1) the last four digits of the social-security number and taxpayer identification number;
> (2) the year of the individual's birth;
> (3) the minor's initials; and
> (4) the last four digits of the financial-account number.

35. By filing the private, nonpublic information of the Plaintiff, the Defendant has violated Rule 9037 putting the Plaintiff at risk and causing damage by making publicly available the Plaintiff's personal, sensitive information and nonpublic data.

36. As part of the electronic filing process parties are given a warning of the necessity to comply with privacy requirements pursuant to Rule 9037 in the log-in screen for CM/ECF.

37. Under 11 U.S.C. §105, the Court has the inherent ability to enforce the Court's orders, rules, and to prevent an abuse of process.

38. The court has determined that parties filing documents with the bankruptcy court have a heightened duty to protect private, personal, and/or sensitive information. Parties filing documents with the court are reminded twice during the process of filing documents if they have complied with rule 9037.

**FOURTH CAUSE OF ACTION:**
**INVASION OF PRIVACY AND**
**INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

39. The Plaintiff realleges each foregoing paragraph as though fully set out herein.

40. The recognition of the cause of action for Intentional Infliction of Emotional Distress was explicitly recognized in Kentucky in *Craft v. Rice* 671 Sw2d 247 (Ky., 1984). In *Stringer v. Wal-Mart*, 151 SW3d 781m 788 (Ky. 2004) the court determined set forth the elements for intentional inflection of emotional distress as follows:

a. the wrongdoer's conduct must be intentional or reckless;

b. the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality;

c. there must be a causal connection between the wrongdoer's conduct and the emotional distress; and

d. the emotional distress must be severe.

41. One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that:

a. would be highly offensive to a reasonable person, and

b. is not of legitimate concern to the public.

42. Social Security Numbers, medical information, telephone numbers, diagnosis codes and other private, sensitive, nonpublic information are of no use to and not a legitimate concern of the public.

43. The publication of the information identified in paragraph 50 is not reasonably necessary to allow creditors to make claims before this court.

44. The Defendant intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, by disclosing the personal nonpublic information.

45. The Defendant intentionally and/or negligently caused harm to Plaintiff's emotional well being by engaging in this highly offensive conduct thereby invading and intruding upon Plaintiff's right to privacy and exposing the plaintiff to the increased risk of identity theft and medical identity theft.

46. This Court has recognized the importance of an individuals right to privacy and the problems that can exist from the disclosure of personal information. The requirements of Rule 9037 are explicitly written on the log-in screen when accessing CM/ECF.

47. Rule 9037 and Federal rule of Civil Procedure 5.2 are the only rules of procedure explicitly brought to the attention of the electronic filer by the Administrative Office of the United States Courts.

48. The Defendant's grossly careless conduct unlawfully invaded plaintiff's personal privacy and proximately caused plaintiff to suffer actual damages. The Defendant's conduct was intentional, reckless and willful, and plaintiff is entitled to recover exemplary damages in an amount to be set by the trier of fact. The Plaintiff also seeks damages for the mental and emotional anguish distress that has been caused by knowing that the medical information, personal identifiers, nonpublic, sensitive information and private data has been made public by the defendants' wanton actions.

49. As a result of the forgoing indifferent acts, the Defendants is liable to the Plaintiff for actual damages, punitive damages, legal fees and suit money.

**WHEREFORE**, the Plaintiff prays for the following relief:

A. A finding that the Defendants are in civil contempt for violating the established policies, rules and orders of the Court in establishing privacy standards;

B. Grant an order of injunctive relief to disable the claim number within the PACER system so that it is inaccessible to the general public and/or to permanently remove the claim and it's nonpublic information from access by the public;

C. Grant sanctions against the Defendants for the intentional revelation of the Plaintiff's private data and knowingly exposing the Plaintiff to risk of identity theft;

D. Grant damages against the Defendant for the intentional and willful invasion of the Plaintiff's right to privacy;

E. Grant damages against the Defendant for the intentional or negligent infliction of emotional distress;

F. Award the Plaintiff compensatory damages and punitive damages;

G. Award attorney's fees and expenses under Section 105 of the Bankruptcy Code;

H. Direct the Chapter 13 Trustee to strike the said claim;

I. Prohibit the creditor from filing any amended, modified or substitute claim;

J. Cancel the underlying debt whether or not the debtor receives a Discharge Order in the Chapter 13 case;

K. That the Plaintiff have such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

BRIAN T. CANUPP, PSC

/s/Brian T. Canupp________________

Brian T. Canupp
Tiffany L. Yahr
322 Main Street
Paris, Kentucky 40361
859-988-9658
Brian@Canupplaw.com