IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN THE MATTER OF: CHAPTER 13

MICHAEL J. TAPP CASE NO. 10-51403

DEBTOR

MICHAEL J. TAPP PLAINTIFF

v. ADVERSARY CASE NO. 10-5053

KENTUCKY HOSPITAL, LLC d/b/a
CLARK REGIONAL MEDICAL CENTER DEFENDANT

**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Kentucky Hospital, LLC d/b/a Clark Regional Medical Center ("Kentucky Hospital" or "Defendant"), by and through counsel, pursuant to Rule 7012 of the Rules of Bankruptcy Procedure and Rule 12(c) of the Federal Rules of Civil Procedure, hereby moves for judgment on the pleadings. In support, Defendant states as follows:

**INTRODUCTION**

This is an action involving claims based solely on Plaintiff's allegation that Defendant filed a proof of claim containing his social security number. Specifically, Plaintiff seeks to have Defendant's claim invalidated, hold Defendant in contempt of Court, and recover from Defendant for invasion of privacy and intentional and negligent infliction of emotional distress. Each of these claims fails as a matter of law. First, even assuming the truth of Plaintiff's Complaint, filing a person's social security number in the public record is not a legitimate basis for the denial of a claim pursuant to 11 U.S.C. § 502(b), and an objection to a claim must be made by motion in any event.

*See* Fed. R. Bankr. P. 9014. Similarly, there is no independent right of action for contempt of Court under 11 U.S.C. § 105 and Fed. R. Bankr. P. 9037. Plaintiff's claims for contempt in violation of the Court's Orders and Fed. R. Bankr. P. 9037 are therefore legally insufficient. Finally, the facts Plaintiff pleaded as invasion of privacy and intentional and negligent infliction of emotional distress, even if true, do not meet the standards of recovery under those torts, and those claims should be dismissed as well.

## FACTUAL BACKGROUND

Plaintiff is a debtor in the captioned Chapter 13 proceeding before this Court. Complaint, at ¶ 4. Defendant is a creditor of Plaintiff and, on May 4, 2010, submitted a proof of claim in connection with Plaintiff's Chapter 13 proceeding. Complaint, at ¶ 7. Plaintiff alleges that the Defendant's proof of claim contained his social security number. Complaint, at ¶ 8. Plaintiff moved to restrict public access to Defendant's Proof of Claim on May 6, 2010, and this Court granted Plaintiff's Motion on the same day, thereby eliminating the public's ability to view the proof of claim. Complaint, at ¶¶ 9, 10. On May 21, 2010, Plaintiff commenced this adversary proceeding.

## ARGUMENT

### I. Standard for Motion for Judgment on the Pleadings.

Pursuant to Fed. R. Civ. P. 12(c), which applies to bankruptcy proceedings pursuant to Fed. R. Bankr. P. 7012, after the pleadings are closed, any party may move for a judgment on the pleadings. A judgment on the pleadings should be granted if, on the admitted material facts, the movant is entitled to a judgment. *See, e.g. Paskvan v. City of Cleveland Civil Serv. Comm'n*, 946 F.2d 1233, 1235 (6th Cir. 1991); *Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). The purpose of the rule governing a judgment on the pleadings is to expedite the termination of a lawsuit where the ultimate and controlling facts are

undisputed, and is appropriate when allegations of a pleading are admitted and only a question of law must be decided. 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.).

**II. Plaintiff Fails to State a Valid Legal Bais for the Denial of Defendant's Proof of Claim.**

It is well-recognized that a proof of claim in bankruptcy may only be disallowed upon the nine reasons specified in 11 U.S.C. § 502(b). *In re Lentz*, 405 B.R. 893, 897-98 (Bankr. N.D. Ohio 2009). In objecting to Defendant's proof of claim, however, Plaintiff does not rely on any particular ground in Section 502(b), and in fact, does not even refer to Section 502(b) in his Complaint at all. Instead, Plaintiff alleges that Defendant's proof of claim should be invalidated because Defendant disclosed Plaintiff's social security number in violation of Fed. R. Bankr. P. 9037. Numerous Courts within the Sixth Circuit's geographical region have recognized that this is not a legitimate ground for the denial of a claim under Section 502(b), and dismissed objections identical to Plaintiff's. *Lentz*, 405 B.R. 893 at 898 (citing *In re Haefner*, 345 B.R. 588, 590 (Bankr. N.D. Ohio 2006)); *In re Chubb*, 426 B.R. 695, 700 (Bankr. E.D. Mich. 2010); *In re French*, 401 B.R. 295, 307-09 (Bankr. E.D. Tenn. 2009) ("Rule 9037 does not . . . provide a private right of action for the relief sought by the Plaintiff to cancel the debt owed to the Defendant and/or assess sanctions against the Defendant for attaching documentation to the Proof of Claim containing the Plaintiff's full social security number and birth date."). The only relief to which Plaintiff is entitled pursuant to Rule 9037 is the redaction of his private information or limitation of non-parties' access to it, *see id.*, and Plaintiff's own Complaint demonstrates that he has already obtained this relief. Accordingly, Plaintiff's first cause of action fails to state a claim upon which relief can be granted.

Even if Plaintiff's objection did rest on valid grounds under 11 U.S.C. § 502(b), his first cause of action should still be dismissed because it is procedurally improper. "The filing of an objection to a proof of claim creates a dispute which is a contested matter governed by [Fed. R.

Bankr. P. 9014].” *Lentz*, 405 B.R. at 898. Pursuant to Rule 9014, such contested matters must be prosecuted by motion, not through an independent adversary proceeding. *Id.* Accordingly, Plaintiff’s first cause of action, labeled as an objection to Defendant’s proof of claim, should be dismissed for both substantive and procedural reasons.

**III. Plaintiff Has Failed to State an Independent Claim for Contempt of Court.**

In his second and third causes of action, Plaintiffs seeks to hold Defendant in contempt of Court for violation of this Court’s Orders regarding the redaction of personal information and Fed. R. Bankr. P. 9037, by virtue of 11 U.S.C. § 105. Section 105 permits a bankruptcy court to “issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]” Despite the seeming breadth of this language, Section 105 does not “confer[] on courts . . . broad remedial powers.” *Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 423 (6th Cir. 2000). More specifically, “Section 105 does not itself create a private right of action, but may be invoked to preserve a right elsewhere in the Code.” *Lentz*, 405 B.R. at 900 (citing *Pertuso*, 233 F.3d at 423 and *In re Yancey*, 301 B.R. 861, 868 (Bankr. W.D. Tenn. 2003)).

In regard to Plaintiff's causes of action for contempt, *Lentz* is nearly identical. Like Plaintiff herein, the plaintiff in *Lentz* brought claims against a creditor for "Contempt of Court and Violation of Federal District Court and Bankruptcy Court Orders and Policies Against Disclosure of Personal Identifiers and Sensitive Data," and "Contempt of Court and Violation of Federal Rule of Bankruptcy Procedure 9037." *Id.* at 896. The Court dismissed both of these claims on the ground that Section 105 did not create an independent cause of action for violation of the District and Bankruptcy Court's Orders or for violation of Rule 9037. *Id.* at 900. While the Court did find that violation of Rule 9037 may lead to a contempt order, the Court further noted that such relief had to be sought by motion, not through an independent action. *Id.* (citing Fed. R. Bankr. P. 9014, 9020).

Defendant requests that this Court follow *Lentz* and dismiss Plaintiff's claims for contempt. Contrary to Plaintiff's claims, Section 105 provides Plaintiff with no private right of action for violation of Court Orders. Any relief Plaintiff may be entitled to for violation of the Court's Orders is by way of a motion for contempt, which he has not filed.[1] This action, however, should be dismissed.

**IV. Plaintiff Fails to State a Claim for Invasion of Privacy and Intentional Infliction of Emotional Distress.**

Plaintiff's final cause of action seeks recovery under the common law torts of invasion of privacy, intentional infliction of emotional distress, and negligent infliction of emotional distress. Each of these causes of action fails as a matter of law based simply on the allegations in Plaintiff's Complaint.

Kentucky recognizes a cause of action for invasion of privacy when "unreasonable publicity [is] given to the another's private life." *McCall v. Courier-Journal and Louisville Times, Co.*, 623 S.W.2d 882, 887 (Ky.1981). This tort "occurs when a party publicizes a matter that would be highly offensive to a reasonable person" and "is not a legitimate concern to the public." *Washington v. City of Georgetown*, 2009 WL 530782, at *7 (E.D. Ky. Mar. 3, 2009) (citing Restatement (Second) of Torts § 652D (1976)).

In *French*, the Bankruptcy Court dismissed an identical claim for invasion of privacy. *French*, 401 B.R. at 315-19.[2] The Court noted that, "[u]nder the Restatement [§ 652D] definition, a required element of the torts of publicity given to private life and publicly placing a person in false

---

[1] Of course, even if Plaintiff were to move for contempt, Defendant again notes that Plaintiff has already received the relief for which Rule 9037 explicitly provides -- the removal of his private information from the public record. *See* Fed. R. Civ. P. 9037(d); *Chubb*, 426 B.R. at 700.

[2] Although *French* was decided under Tennessee law, the elements of invasion of privacy as described by that Court are identical to the elements of the same tort under Kentucky law, as stated in *Washington* and in Plaintiff's Complaint. *See* Complaint, at ¶ 41. Moreover, both Kentucky and Tennessee rely on Restatement (Second) of Torts § 652D in defining the tort of invasion of privacy insofar as it pertains to unreasonable publicity. *See Washington*, 2009 WL 530782, at *7; French, 401 B.R. at 315-16.

light is *publicity*." *Id.* at 316 (quoting *Rossi v. Schlarbaum*, 2009 WL 222418, at *10 (E.D.Pa. Jan.29, 2009)).

> "Publicity," as it is used in [Section 652D], differs from "publication," as that term is used in § 577 in connection with liability for defamation. "Publication," in that sense, is a word of art, which includes any communication by the defendant to a third person. "Publicity," on the other hand, means that the matter is made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge. The difference is not one of the means of communication, which may be oral, written or by any other means. It is one of a communication that reaches, or is sure to reach, the public.

*Id.* Based on this authority, and the facts alleged in Plaintiff's Complaint, the Court concluded that the plaintiff had failed to state a claim for invasion of privacy. It noted that, under the Administrative Procedures in place for the Eastern District of Tennessee, only attorneys and other persons involved in bankruptcy proceedings, and those individuals with a PACER password or who had the ability to travel to a Clerk's Office, had any access to the proof of claim at issue. *Id.* at 318. Thus, while Plaintiff's private information had been filed in the public record, it was not sufficiently publicized to meet the standards of unreasonable publicity. The Court further found that the plaintiff's private information had only been publicly available for two weeks, and that Plaintiff had failed to even allege that her information had ever been viewed by any member of the "public at large." *Id.* at 318-19.

These same considerations bear even more strongly in favor of dismissing Plaintiff's invasion of privacy claim. First, pursuant to this Court's ECF Administrative Procedures Manual (the "APM"), only registered attorneys and other authorized personnel, and those individuals who have obtained a PACER log-in and password, are permitted access to electronic filings made in this Court. *See* APM, at I(B)(1), III. Thus, the public accessibility of Plaintiff's personal information is as, or more, limited than that of the plaintiff in *French*. Moreover, Defendant's proof of claim was only publicly available for two days, and like the plaintiff in *French*, Plaintiff has failed to allege that any

member of the general public actually accessed his personal information. Plaintiff's entire allegation is that his social security number was available to a limited group of people for only two days. Nowhere is there any allegation that any unauthorized individual actually saw this information, or even knew that it was filed. These allegations fall well below the standards for "unreasonable publicity" under Kentucky law, and Plaintiff's invasion of privacy claim should therefore be dismissed.

Plaintiff's claim for intentional infliction of emotional distress ("IIED") also fails to satisfy the requirements of that tort. Under Kentucky law, a plaintiff seeking recovery for intentional infliction of emotional distress ("IIED") must prove four elements: 1) the defendant's conduct must be intentional or reckless; 2) the conduct must be outrageous and intolerable in that it offends against the generally accepted standards of decency and morality; 3) there must be a causal connection between the wrongdoer's conduct and the emotional distress; and 4) the emotional distress must be severe. *Stringer v. Wal-Mart Stores, Inc.*, 151 S.W.3d 781, 788 (Ky. 2004). Kentucky courts require Plaintiffs to meet a high standard before they can recover for IIED. *Id.* at 791.

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Id.* at 789 (quoting Restatement (Second) of Torts § 46(1) cmt. d (1965)). In this case, Plaintiff alleges nothing more than that Defendant filed a document containing his private information in a court record. This conduct, while unfortunate, is certainly not "atrocious, and utterly untolerable in a civilized community." *See also French*, 401 B.R. at 319 (holding that filing a pleading containing a

person's social security number was not sufficiently outrageous to state a claim for IIED).[3] The occurrences alleged in Plaintiff's Complaint simply do not amount to a claim for IIED, and this claim should therefore be dismissed.

Finally, Plaintiff cannot recover for negligent infliction of emotional distress because he has failed to allege any physical impact or injury. "It is well established in [Kentucky] that 'an action will not lie for fright, shock or mental anguish which is unaccompanied by physical contact or injury.'" *Steel Technologies, Inc. v. Congleton*, 234 S.W.3d 920, 929 (Ky. 2007) (quoting *Deutsch v. Shein*, 597 S.W.2d 141, 145-46 (Ky.1980)). "[I]n ordinary actions for mere negligence or where the injury to another is not willful, there can be no recovery for mental suffering where there has been no physical contact." *Brown v. Crawford*, 177 S.W.2d 1, 3 (Ky. 1943). Since the source of Plaintiff's alleged emotional distress is the filing of a document containing his social security number, not any physical contact, his claim for negligent infliction of emotional distress fails as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its Motion for Judgment on the Pleadings and enter judgment in its favor on all of Plaintiff's claims against it.

## NOTICE

Notice is hereby given that the foregoing Objection will be heard by the Court on September 2, 2010 at 9:30 a.m. (ET) or as soon thereafter as counsel may be heard in the United States Bankruptcy Court, Chapter 13 Courtroom, 100 East Vine Street, Lexington, Kentucky 40507.

[3] Again, while *French* was decided under Tennessee law, the elements of a claim for IIED under Tennessee law as stated in that opinion are similar to those established by the Kentucky Supreme Court in *Stringer*.

Respectfully submitted,

DINSMORE & SHOHL LLP

*<u>/s/ Ellen Arvin Kennedy, Esq</u>*
Ellen Arvin Kennedy, Esq.
John M. Spires, Esq.
Dinsmore & Shohl LLP
250 West Main Street, Suite 1400
Lexington, Kentucky 40507
Phone: (859) 425-1020
Fax: (859) 425-1099
Email: ellen.kennedy@dinslaw.com
john.spires@dinslaw.com
***ATTORNEYS FOR KENTUCKY HOSPITAL, LLC***

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a true and correct copy of the foregoing was served this the 2nd day of August 2010, electronically in accordance with the method established under this Court's CM/ECF Administrative Procedures and Standing Order dated July 25, 2002, upon all parties in the electronic filing system in this adversary proceeding.

Served via CM/ECF:
Brian T. Canupp
Tiffany L. Yahr
Brian T. Canupp, PSC
322 Main Street
Paris, Kentucky 40361
*Attorneys for Plaintiff*

*<u>/s/ Ellen Arvin Kennedy, Esq.</u>*
***Attorney for Kentucky Hospital, LLC***